IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS
CIVIL DIVISION

| | |
|---|---|
| MASON MARRONE and REBECCA MARRONE, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) No. 18CV-2024-115 ) |
| BRENTON DAVID LAMB and L&T EXPRESS INC., and | ) ) **Jury Demanded** ) |
| Defendants. | ) ) |

## COMPLAINT

Plaintiffs Mason Marrone and Rebecca Marrone, by their attorney, Tom Donaldson, Donaldson Law Firm, PLC, for their complaint against defendants Brenton David Lamb and L&T Express Inc., formerly L&T Express LLC, states:

1. This is an action for personal injuries arising out of a motor vehicle collision which occurred on February 10, 2021 in West Memphis, Crittenden County, Arkansas (the "Collision").

2. Plaintiffs are husband and wife, citizens of the State of California, and residents of Temecula, Riverside County, California.

3. At the time of the Collision, plaintiffs were citizens and residents of the State of Arkansas, and plaintiff Mason Marrone was employed as a Trooper by the Arkansas State Police.

4. Upon information and belief, defendant Brenton David Lamb ("Lamb") is a citizen of the State of Florida and resides at 726 Lake Shore Terrace, Interlachen, Florida 32148.

5. Upon information and belief, defendant L&T Express Inc. ("L&T") is a Florida corporation with its principal place of business located at 19609 SE Hawthorne Road, Hawthorne, Florida 32640.

6. Upon information and belief, defendant L&T was previously known as L&T Express LLC prior to its conversion from a Florida limited liability company to a Florida corporation on or about April 13, 2021.

7. Upon information and belief, defendant L&T continues to identify itself as L&T Express LLC with the U.S. Department of Transportation.

8. Upon information and belief, defendant L&T is a motor carrier, operating under U.S. Department of Transportation (DOT) no. 2844190, with contract authority from the Federal Motor Carrier Safety Administration (FMCSA) no. MC-953191.

9. Upon information and belief, defendant L&T is the successor in interest to L&T Express LLC.

10. Upon information and belief, John Turek, also known as John Turek III, is the President of defendant L&T.

11. Upon information and belief, the name and address of the registered agent of defendant L&T in the State of Florida is John Turek, 19609 SE Hawthorne Road, Hawthorne, Florida 32640.

12. This Court has jurisdiction of the parties and the subject matter of this action, and venue properly lies in Crittenden County.

13. On February 10, 2021, at approximately 9:49 p.m., plaintiff Mason Marrone was on duty as a Trooper with the Arkansas State Police and was providing extra lights for a collision

investigation that was being conducted in the westbound lanes of I-40 in West Memphis, Crittenden County, Arkansas.

14. As plaintiff Mason Marrone was sitting in his patrol vehicle, a 2018 Ford Explorer, to the east of the pre-existing collision, with his blue lights operating, defendant Lamb was driving a 2003 Volvo tractor owned by defendant L&T on westbound I-40 to the east of plaintiff's location when he carelessly and negligently lost control of his vehicle, causing the trailer he was towing to swing out to the right of his tractor and violently collide with plaintiff's patrol vehicle.

15. The force of the impact of the trailer, in turn, caused plaintiff's patrol vehicle to careen into the guardrail on the right, north side of the westbound lanes of I-40.

16. The collision caused by the negligence of defendant Lamb left the roadway blocked and caused another vehicle, a 2004 Honda Accord owned and operated by Tammie Hart Clark, to strike the rear of plaintiff Mason Marrone's patrol vehicle.

17. Defendant Lamb was guilty of negligence which was the direct and proximate cause of the collision. His negligent acts included:

    a. failure to abide by the common law rules of the road;

    b. failure to keep a lookout for other vehicles on the street or highway;

    c. failure to keep his vehicle under control;

    d. failure to drive at a speed no greater than was reasonably prudent under the circumstances;

    e. failure to yield the right of way to plaintiff;

    f. failure to avoid the collision when in the exercise of reasonable care, he could have done so;

  g. failure to use ordinary care for his own safety and for the safety of others using the street or highway, including, but not limited to, plaintiff; and

  h. violation of the statutes in force in the State of Arkansas at the time of the collision, including, but not limited to, Ark. Code Ann. §§ 27-50-308, 27-51-104, 27-51-201, 27-51-301, 27-51-302, 27-51-305, 27-51-306, 27-51-310, and 27-51-901.

18. As a direct and proximate result of one or more of the various acts of negligence of defendant Lamb described above, plaintiff Mason Marrone sustained personal injuries, including permanent injury, experienced pain and suffering and mental anguish and will continue to experience pain and suffering and mental anguish in the future, and has lost earnings or profits and will continue to lose earnings or profits in the future.

19. As a direct and proximate result of one or more of the various acts of negligence of defendant Lamb described above, plaintiff Rebecca Marrone lost the companionship and acts of love and affection of her husband, plaintiff Mason Marrone, and will continue to sustain such loss in the future.

20. Upon information and belief, at all times relevant hereto, defendant Lamb was an employee or agent of defendant L&E and was acting in the course and scope of said employment or agency. Accordingly, the negligence of defendant Lamb described above is charged to defendant L&E, and defendant L&E is liable to plaintiff for the injuries and damages described above.

21. Pleading in the alternative, upon information and belief, at all times relevant hereto, defendants were acting in agreement with each other and in concert for a common purpose. Accordingly, the acts and omissions of each of them are chargeable to all of them.

22. Pleading in the alternative, upon information and belief, defendant L&E is the registered owner of the U.S. DOT and FMCSA numbers displayed on the tractor involved in the collision and is therefore responsible for the acts of the driver of said tractor.

23. Pleading in the alternative, defendant L&E had a duty to act reasonably in hiring and retaining defendant Lamb and to promulgate and enforce rules and regulations to ensure its drivers and vehicles were reasonably safe. Upon information and belief, defendant L&E negligently failed in the performance of its duties; and said negligence caused plaintiffs' injuries and damages described above.

WHEREFORE, plaintiffs Mason Marrone and Rebecca Marrone respectfully request trial by jury; entry of judgment against defendants in a sum to be determined by the jury at trial in an amount in excess of the amount required for federal court jurisdiction in diversity of citizenship cases; interest, costs, and attorney's fees; and all other proper relief.

Respectfully submitted,

_____
Tom Donaldson (93128)
DONALDSON LAW FIRM, PLC
117 E. Military Road
P.O. Box 949
Marion, AR 72364
Telephone: (870)739-2588
Facsimile: (870)739-4403
E-Mail: tom@donaldsonlawfirm.com

Attorney for Plaintiffs Mason Marrone
and Rebecca Marrone